OPINION OF THE COURT
John A. K. Bradley, J.
This is a motion for an order directing the entry of judgment in favor of the plaintiff. This action arises out of a loan of New York City municipal bonds. According to the verified complaint and the affidavit in support of the motion, plaintiff deposited $125,000 worth of bonds with the defendant on February 25,1974. Assertedly, the bonds were given to the defendant to be used to cover a margin account of Harkins Associates, Inc. (Harkin) with a brokerage firm to allow Harkin to write puts and calls. The agreement seemingly called for the return of the bonds 12 months after they were loaned, which would be February 24, 1975. The verified complaint states that the defendant permitted the bonds to be used for a purpose other than that agreed to. The verified complaint further indicates that Harkin had become insolvent by the time it was supposed to return the bonds and that it was not in a position either to return the bonds or to pay for them.
Plaintiff asserts, and defendant does not deny, that this action was commenced by service of a summons and complaint on defendant at his home in Florida. Defendant did not answer, appear or move with respect to the complaint. On July 25, 1980, to comply with CPLR 308, plaintiff *32 mailed a copy of the summons and complaint to defendant at his home in Florida. The affidavit in support of the motion states that “[o]n or about November 18, 1980, the plaintiff filed a default judgment against the defendant with the Clerk of the Court. After filing the proposed default judgment, attempts were made to obtain a copy of the judgment. However, it appears that the original papers were misplaced. After several attempts to find the original judgment papers, same were eventually located and returned to this office. The original papers were found by United Lawyers Service and returned to this office. Annexed to the papers was a notation from the County Clerk that a motion to enter judgment must be made.” This motion was then made, the papers being served by both regular and certified mail on June 28, 1982.
Defendant opposes this motion contending that he was not properly served, that New York does not have personal jurisdiction over him because the complaint does not contain jurisdictional allegations, that plaintiff did not offer an adequate excuse for failure to obtain a judgment within one year after defendant’s default and that there is no affidavit of merits.
For plaintiff to succeed in this motion she must show that the defendant was properly served, that the defendant is in default, that the plaintiff has a meritorious cause and either that plaintiff took proceedings for the entry of judgment within one year or that her neglect to do so is excusable.
The moving papers include a “statement of default judgment against defendant” which includes an affirmation by plaintiff’s attorney that the summons and complaint were served personally and that proof of service by the process server has been filed (presumably with the New York County Clerk). Plaintiff further assérts in an attorney’s affirmation and defendant does not deny that defendant is in default. Although there is no affidavit of merits as such, a copy of the verified complaint is attached to the motion papers. Reading the verified complaint, this court finds adequate allegations of a meritorious cause of action. Thus we reach the crux of this case, namely, whether the plaintiff either began to “take proceedings” within the one year *33 allowed or whether, if not, sufficient cause is shown why the complaint should not be dismissed.
It is clear that within the one-year period, plaintiff began to attempt to obtain a judgment. However, plaintiff merely submitted papers to the clerk, whereas at least some of the causes of action, e.g., the second, require application to the court. No explanation has been provided that adequately explains the 18-month delay from the submission of the proposed judgment to the making of this motion. The papers are devoid of dates or of any other facts that would persuade this court that reasonable diligence was used by the attorneys in attempting to obtain a judgment.
The question now is whether, by submitting a proposed judgment to the clerk, the plaintiff took “proceedings” within the one-year period of limitations contained in CPLR 3215 (subd [c]).
To find that plaintiff by applying to the clerk took “proceedings” would be to permit a dilatory party to avoid the consequence of his delay and obtain a judgment which, together with interest, would amount to about $200,000. To hold to the contrary, and find that, although applying to the clerk the plaintiff did not take “proceedings” and therefore dismiss the complaint would defeat his claim entirely since the Statute of Limitations has run. Either result seems unnecessarily extreme.
The defendant is in default here. However, he has finally participated in this action. (He has not however “appeared”; CPLR 3215, subd [c].) In doing so he has raised issues of the validity of service and whether use of the long-arm statute is appropriate in this case. Both parties reside in Florida, raising the question as to whether the business transaction underlying this case was in fact alone in New York.
Where, as here, both parties are derelicts, one in answering the complaint, the other in taking a default, the interests of justice would best be served by putting them back to a point where neither was in default. Accordingly, the motion for a judgment by default is denied, but the complaint is not dismissed. Defendant may answer, appear or *34 move with respect to the complaint provided he does so within 30 days of service of a copy of the order to be settled hereon with notice of entry. Should defendant fail to answer, appear or move then plaintiff may enter judgment on default on notice to defendant.